Abdolreza Mazaheri, Esq.
Sethi & Mazaheri, LLC.
121 Newark Avenue, Suite 573
Jersey City, NJ 07302
New York, NY 10004
Telephone: (646) 405-9846
Fax: (201) 595-0957

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DEAN RUPERT STANFORD,** | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **WILLIAM BARR**, Attorney General of the United States, **CHAD WOLF**, Acting Secretary, Department of Homeland Security, **KENNETH CUCCINELLI**, Director of U.S. Citizenship and Immigration Services, **SUSAN QUINTANA**, Director of U.S. Citizenship and Immigration Services New York Field Office, | |
| Defendants. | |

## COMPLAINT

**NOW COMES**, Dean Stanford, Plaintiff by and through undersigned attorney in the above case and states as follows:

1.      Plaintiff brings this action to challenge the denial of his N-400 application for Naturalization. Defendant, United States Citizenship and Immigration Services' ("USCIS"), and the Defendants acting on behalf of USCIS denied Plaintiff's N-400 application on discretionary grounds based on erroneous factual findings and legal conclusions.   Plaintiff seeks a declaration

that the Defendants' decision violated the Administrative Procedure Act because it was arbitrary, capricious, and not in accordance with the law. As a result of Defendants' improper acts, the Court should grant Plaintiff's application for naturalization or order Defendants to reopen and adjudicate Plaintiff's N-400 application.

## JURISDICTION

2.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the Constitution, laws, or treaties of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 2201, as this is a civil action seeking, in addition to other remedies, a declaratory judgment.

3.  The Administrative Procedure Act ("APA") provides a waiver of sovereign immunity as well as a cause of action. 5 U.S.C. § 702.

## STANDING

4.  The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. §702. Defendants' improper denial of Plaintiff's N-400 application has adversely affected his ability to obtain citizenship in the United States. As such, Plaintiff falls within the APA's standing provisions.

## VENUE

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1), because a substantial part of the events giving rise to this claim occurred in this district. Plaintiff resides in this district, and no real property is involved in this action.

## PARTIES

6. Plaintiff, Dean Stanford, has been a United States legal permanent resident for over 36 years. Plaintiff is married to a U.S. citizen and has four U.S. citizen children, three of whom were born in the United States.

7. Defendant William Barr is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him, in his official capacity.

8. Defendant Chad Wolf is Acting Secretary of the Department of Homeland Security ("DHS"). The Homeland Security Act of 2002, Pub.L.107-296, created DHS to perform the duties of the Immigration and Naturalization Service. Secretary Wolf's responsibilities are set forth in 8 U.S.C. §§ 1103(a)(1)-(3), among which are: to administer and enforce the Immigration Act and all other laws relating to the immigration and naturalization of aliens; to control, direct and supervise all employees; to establish such regulations, issue such instructions, and perform such other acts deemed necessary for carrying out her authority; and to require any employee of the Service or the Department of Justice to perform or exercise any of the powers, privileges, or duties conferred or imposed by this Act or regulations issued thereunder upon any other employee of the Service. Mr. Wolf is sued in his official capacity.

9. Defendant Kenneth Cuccinelli is Acting Director of USCIS, a position created by Section 451 of the Homeland Security Act. Pursuant to Section 451 of the Homeland Security Act, Defendant Cuccinelli administers the provisions of the Immigration Act through his agents and officials of USCIS, which functions were previously performed by the Commissioner and

District Directors of the Immigration and Naturalization Service. He oversees the operations of personnel of USCIS, who adjudicate visa petitions filed by or on behalf of aliens, applications for permanent residency status, and appeals from any action denying such petitions. Mr. Cuccinelli is sued in his official capacity.

10. Defendant Susan Quintana is Acting District Director of New York City Field Office within USCIS. Ms. Quintana is sued in her official capacity.

## STATEMENT OF FACTS

11. Plaintiff, a citizen of Belize, has resided in and been a legal permanent resident of the United States for over 36 years. He obtained permanent resident status on December 11, 1983 under the P2-2 immigrant classification.

12. On February 16, 2016, Plaintiff filed an N-400 application for naturalization with U.S. Citizenship and Immigration Services (USCIS). On May 10, 2016, Plaintiff appeared before the USCIS New York City Field Office for his initial naturalization interview.

13. Following his interview, Plaintiff waited months without a decision on his case. He submitted numerous inquiries to USCIS and his Congressman regarding the delay in his case with no response.

14. Finally, on September 22, 2018, after two years of adjudication, USCIS' New York City Field Office issued a denial of Plaintiff's N-400 application.  The denial states, in part, that Plaintiff is ineligible for naturalization due to the finding that his August 17, 2015 entry to the United States was not a lawful admission based on his January 10, 2013 conviction. Further, Plaintiff's application was denied as matter of discretion citing his previous arrests as grounds for not having established the "good moral character" needed to qualify for naturalization.

15. On October 25, 2018, Plaintiff timely filed an N-336 application for Request for

3

a Hearing in a Decision in Naturalization with USCIS. Plaintiff appeared before the USCIS New York City Field Office on November 14, 2019 for the N-336 hearing related to the denial of his N-400 application.

16. On December 19, 2019, USCIS' Field Office Director denied Plaintiff's N-336, reaffirming the decision to deny Plaintiff's N-400 application based on his perceived issue of inadmissibility and deeming him ineligible for naturalization. The agency's previous finding of lack of good moral character was not addressed.

## EXHAUSTION OF REMEDIES

17. Plaintiff has exhausted his administrative remedies. Plaintiff has also supplied USCIS with documents that establish eligibility for the filed Application.

18. There are no further administrative remedies available for the Plaintiff to utilize.

## FIRST CLAIM FOR RELIEF

(Immigration and Nationality Act, Administrative Procedure Act)

22. All of the foregoing allegations are repeated and realleged as if fully set forth herein.

23. Plaintiff has been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.

24. The Administrative Procedure Act (APA), 5 U.S.C. § 706 provides that a Court "shall hold unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity, [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."

25. Plaintiff is, and was at all times relevant hereto, eligible to become a naturalized citizen pursuant 8 U.S.C. § 1427. Plaintiff has met the substantive requirements for naturalization under section 1427 in that (1) he has made an application for naturalization after having maintained lawful permanent residence for the requisite amount of time, (2) he has resided continuously in the United States, and (3) he established good moral character during the statutory period.

26. Defendants failed to enforce and administer 8 U.S.C. § 1427 in conformance with the law. Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedure Act by denying Plaintiff's N-400 application for naturalization.

27. Specifically, USCIS' decision to deny Plaintiff's application due to a finding of inadmissibility and a lack of good moral character was arbitrary, capricious, and contrary to the law. Under INA 101 (f)(3), an applicant for naturalization is found to lack good moral character if during the statutory period, he or she is convicted under any law or regulation of a State, the United States, or a foreign country relating to a controlled substance, except a law or regulation related to a single offense of simple possession of 30 grams or less of marihuana. USCIS in its decision found Plaintiff ineligible for naturalization due to a January 10, 2013 conviction for a controlled substance violation in New York.

28. USCIS' denial of Plaintiff's application was not in accordance with the law as his conviction under section 221.05 of New York Penal Law relates to possession of under 28 grams of marijuana for personal use. Plaintiff's conviction under the offense of 221.05 of NYPL qualifies under the good moral character exception outlined in INA 101 (f)(3). As such, Plaintiff did not have a conviction during the statutory period which would make him ineligible for naturalization. USCIS erred in its finding that Plaintiff lacked good moral character, resulting in

5

a denial of his application.

28. Furthermore, Plaintiff's application for naturalization was denied because Defendants erroneously concluded that he failed to establish admission into the U.S. at the time of his on August 17, 2015 entry, as he was found to be inadmissible due to his controlled substance conviction. Upon Plaintiff's reentry to the United States he was served with a Notice to Appear in removal proceedings. On September 4, 2015, DHS filed a motion to terminate Plaintiff's removal proceedings, forfeiting its opportunity to meet its burden, and the motion was granted by the Immigration Judge. Therefore Plaintiff was not found by an immigration court to be inadmissible for having committed an offense identified in INA 212(a)(2).

29. USCIS' decision to deny Plaintiff's application for naturalization on this ground was arbitrary and capricious and not in accordance with the law as his August 17, 2015 entry to the United States was clearly a lawful admission. A determination of inadmissibility from Customs and Border Patrol/Immigration and Customs Enforcement is merely a charge, with inadmissibility being established when an immigration judge sustains said charge. In the Plaintiff's case, the Immigration Judge's decision to terminate removal proceedings effectively removed the charge of inadmissibility related to his August 17, 2015 entry. USCIS' arbitrary and improper application of the law led to the denial of his application for naturalization.

30. Plaintiff has exhausted all administrative remedies available to him as of right.

31. Plaintiff has no other recourse to judicial review other than by this action.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgement in his favor and against Defendants, and further:

A. Declare Defendants' denial of Plaintiff's N-400 application to be in violation of the Administrative Procedure Act;

B. Declare that Plaintiff is eligible to adjust status pursuant to 8 U.S.C. § 1427;

C. Grant Plaintiff's application for naturalization; or

D. Order Defendant USCIS to immediately reopen and adjudicate Plaintiff's N-400 application in accordance with the law;

E. Grant attorneys' fees and costs pursuant 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and,

F. Grant any other relief the Court deems appropriate and just.

Date:  July 9, 2020

Respectfully submitted,

**/S/ Abdolreza Mazaheri, Esq.**

_____
By: Abdolreza Mazaheri, Esq.
SDNY # AM0901
Sethi and Mazaheri, LLC
121 Newark Avenue, Suite 573
Jersey City, NJ 07302
Tel: (646) 405-9846
Fax: (201) 595-0957
Email: mazaheri@sethimaz.com